# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1917V
UNPUBLISHED

| | |
|---|---|
| KIMBERLEY MULLINS,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: September 23, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influneza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

      On December 21, 2020, Kimberley Mullins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of an influneza ("flu") vaccination on October 17, 2019. Petition at 1. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, and that there has been no prior award made as a result of her injury. *See* Petition ¶¶ 3, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 19, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for SIRVA. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.

*Id.* at 8 (citing 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)).  Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the records show that petitioner timely filed her case, that she received the flu vaccine in the United States, and that she satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration.

*Id.* (citing 42 U.S.C. §§ 300aa-11(c)(1)(D)(i)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master